# EXHIBIT C-1

Lynne Finley
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 11299957

Cause No. ___416-02718-2016___

| | | |
|---|---|---|
| DALLAS POLICE AND FIRE PENSION SYSTEM, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | COLLIN COUNTY, TEXAS |
| COLUMBUS A. ALEXANDER, III | § § | |
| Defendant. | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, plaintiff, Dallas Police and Fire Pension System (the "Pension System") and files this *Original Petition and Request for Disclosure* and would respectfully show unto the Court the following:

### I. DISCOVERY CONTROL PLAN AND REQUEST FOR DISCLOSURE

1.01. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

1.02. Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### II. STATEMENT REGARDING DAMAGES

2.01. The damages sought by the Pension System are within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, the Pension System seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## III. PARTIES

3.01.   The Dallas Police and Fire Pension System is a governmental pension system for police officers and firefighters of the City of Dallas, created pursuant to Article 6243a-1 of the Texas Revised Civil Statutes.  Plaintiff has its principal place of business in Dallas County, Texas, at 4100 Harry Hines Blvd., Suite 100, Dallas, Texas 75219.

3.02.   Columbus A. Alexander, III is an individual residing in Collin County, Texas. Service of process may be made upon defendant Alexander at his residence located at 4111 Hollow Oak Drive, Dallas, Texas 75287.

## IV. VENUE AND JURISDICTION

4.01.   Venue is proper pursuant to § 15.002(a)(2) of the Texas Civil Practice and Remedies Code because defendant resides in Collin County, and this Court has jurisdiction because the matter in controversy is within the jurisdictional limits of this Court.

## V. FACTS

5.01.   This case arises out of defendant Alexander's broken promises.  Unfortunately, this is not the first time the Pension System has been forced to litigate against Alexander.  The Pension System brought suit against Alexander in Cause No. 02-04814, styled *Dallas Police and Fire Pension System v. Columbus A. Alexander, III a/k/a Sandy Alexander d/b/a CFOpros*, in the 44th Judicial District Court of Dallas County, Texas.  The parties in that cause were able to mutually resolve their issues (or so the Pension System thought) and the parties entered into a settlement agreement (the "Settlement Agreement"), one provision of which was that "Mr. Alexander will not call upon or contact the Pension System, its Trustees or employees."  A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 1** and incorporated herein by reference. The Settlement Agreement does not have a temporal limit on the time Alexander is prohibited

from calling upon or contacting the Pension System. The Pension System has complied with all of its obligations under the Settlement Agreement, including paying Alexander all sums agreed to in the Settlement Agreement.

5.02.    Defendant Alexander, however, has violated the express terms of the Settlement Agreement on numerous occasions. Alexander contacted the Pension System at least sixteen (16) times between April and May 2016, requesting information under the Texas Public Information Act.

5.03.    In response to Alexander's conduct in breach of the Settlement Agreement, the Pension System informed Alexander of his default and breach on May 23, 2016. A true and correct copy of the May 23, 2016, notice of default letter is attached hereto as **Exhibit 2** and incorporated herein by reference. The Pension System requested that Alexander withdraw his requests in conformity with the Settlement Agreement. *See* Exhibit 2. Alexander subsequently purported to withdraw the requests.

5.04.    Shortly thereafter, the Pension System received identical requests from Julie Kobel. Upon information and belief, Julie Kobel is an alias of Alexander and/or was directed to request information from the Pension System by Alexander. The Pension System again gave notice to Alexander of this default and breach of the Settlement Agreement on June 10, 2016, and requested that Alexander withdraw the requests. A true and correct copy of the June 10, 2016, notice of default letter is attached hereto as **Exhibit 3**. Shortly thereafter, and after receiving a cost estimate letter from the Pension System, Julie Kobel wrote to the Pension System and purported to withdraw the requests.

5.05.    Alexander chose to again violate the Settlement Agreement, however, by sending over twenty (20) more Public Information Act requests to the Pension System via Julie Kobel on

June 17, 2016. These new requests sought the same information as the previously "withdrawn" requests. The Pension System then received more requests on June 20, 2016, from Alexander via Kobel.

5.06. It is clear that Alexander has already materially breached the terms of the Settlement Agreement at least several dozen times and that he intends to continue to do so in the future. As a result, the Pension System is forced to seek redress from this Court for Alexander's breach of contract.

## VI. CAUSES OF ACTION

### BREACH OF CONTRACT

6.01. The parties entered into a fully binding and enforceable contract in the Settlement Agreement on August 7, 2002. Both parties were represented by counsel and agreed to be mutually bound by the terms of the Settlement Agreement.

6.02. Defendant Alexander materially breached the Settlement Agreement by contacting the Pension System to seek production of documents and information. As a result, the Pension System has suffered damages in excess of the jurisdictional limits of this Court. The Pension System seeks to recover all damages available under applicable law and further requests that the Court award it all attorneys' fees and costs the Pension System incurs in this litigation pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

6.03. All conditions precedent to the Pension System's right to recovery have been performed, have occurred, or have been waived.

## VII.  DEMAND FOR JURY TRIAL

7.01    Plaintiff hereby demands a jury trial upon all factual issues raised in this petition and has tendered the requisite jury fee in connection with this filing.

## VIII.  PRAYER

WHEREFORE, plaintiff Dallas Police and Fire Pension System requests that defendant Columbus A. Alexander, III be cited to appear and answer, and that the Court grant the Pension System the following relief:

1)    Judgment against defendant for all actual damages proven by plaintiff at trial;

2)    Pre- and post-judgment interest at the highest legal rate;

3)    Attorneys' fees;

4)    Plaintiff be granted such other and further relief, both general and/or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ Julie Y. Fort*
**WM. ANDREW MESSER**
STATE BAR NO. 13472230
andy@txmunicipallaw.com
**JULIE Y. FORT**
State Bar No. 00793741
julie@txmunicipallaw.com
**BRETT GARDNER**
STATE BAR NO. 24078539
brett@txmunicipallaw.com
**MESSER ROCKEFELLER & FORT, PLLC**
6351 PRESTON ROAD, SUITE 350
FRISCO, TEXAS 75034
972.668.6400 - TELEPHONE
972.668.6414 – FACSIMILE

**COUNSEL FOR PLAINTIFF**
**DALLAS POLICE AND FIRE PENSION SYSTEM**

# EXHIBIT

# 1

# WINSTEAD

August 7, 2002

direct dial: 214/745.5462
tboston@winstead.com

## VIA FACSIMILE – (972) 490-9545

Eric G. Calhoun, Esq.
Lawson, Fields, McCue, Lee & Campbell, P.C.
14135 Midway Road, Suite 250
Addison, TX 75001

     Re:   *Dallas Police and Fire Pension System v. Columbus A. Alexander, III a/k/a Sandy Alexander d/b/a CFOpros*; Cause No. 02-04814; In the 44th Judicial District Court of Dallas County, Texas

Dear Eric:

This letter is to memorialize our agreement. The Pension System and Mr. Alexander agree, and evidence same by their signatures below, to resolve this matter on the following terms:

     1.    The Pension System will pay Mr. Alexander's outstanding invoices and all of his expenses incurred by cashier's check payable to "CFOpros", with such funds to be delivered when Mr. Alexander delivers the documents in accordance with Paragraph 4 below, no later than August 9, 2002.

     2.    A dismissal with prejudice of the lawsuit, within 48 hours of the execution of this Agreement, with each party to bear its/his own expenses and with their execution of this letter constituting a complete mutual release of all claims, causes of action, known or unknown, contingent or fixed, at law or in equity between and among Mr. Alexander, CFOpros, its partners agents, affiliates, and other related persons or entities on the one hand, the Pension System, members of its board of trustees, staff and other related persons or entities on the other hand, under any theory of recovery, including without limitation release of any alleged defamation claims (including claims arising from any republication of the *Dallas Morning News* Article) and the publication of Exhibit "A" as set forth at Paragraph 4 below, and claims for attorneys fees, costs or expenses. The Pension System, its trustees, and employees agree not to call upon or contact Mr. Alexander, or use his services and knowledge, in any way in the future, and likewise Mr. Alexander will not call upon or contact the Pension System, its Trustees or employees.

     3.    The execution and mailing no later than August 12, 2002, of the attached (as Exhibit "A") letter by certified mail, return receipt requested, to the *Dallas Morning News* and the Association of Certified Fraud Examiners with the Pension System delivering green cards to Mr. Alexander's attorney, Talmage Boston.

5400 RENAISSANCE TOWER   |   PH 214.745.5400   |   WINSTEAD SECHREST & MINICK   |   Austin, Dallas, Fort Worth,
1201 ELM STREET   |   FAX 214.745.5390   |   Attorneys and Counselors   |   Houston, Mexico City,
DALLAS, TEXAS 75270   |   WINSTEAD.COM   |   A Professional Corporation   |   The Woodlands, Washington DC

Eric G. Calhoun, Esq.
August 7, 2002
Page 2

4.     Mr. Alexander and his counsel shall return to the Pension System the originals (if any) and all copies of any and all documents and tape recordings (and any transcripts thereof) obtained during the course and scope of CFOpros' engagement with the Pension System.

5.     Per the terms of his Consultant Contract with the Pension System of April 8, 2002, Mr. Alexander shall agree to maintain as confidential all information he obtained and all conclusions he derived from his work for the Pension System.

6.     The Pension System shall comply with its prior agreement of May 29, 2002, (attached as Exhibit "B") no later than August 9, 2002.

7.     The Pension System agrees that Alexander has completed his obligations under their contract and that its Administrator's report of such agreement will be recorded in the minutes of the next regularly scheduled Board meeting.

8.     The parties agree that from this date forward, neither of them shall communicate anything to anyone publicly or privately to disparage or derogate each other or the performance of each other.  In that regard, the Pension System shall publish the letter attached as Exhibit "A" on the Pension System's website, and include it as an attachment to the Pension System Board of Trustee's minutes as the Board's first meeting after the execution of the Settlement Agreement.

All parties should sign below to evidence our agreement:

Yours truly,

Talmage Boston, Attorney for CFOpros

PTB/cll

AGREED:

Eric G. Calhoun
Counsel for Dallas Police
    and Fire Pension System

Eric G. Calhoun, Esq.
August 7, 2002
Page 3


Dallas Police and Fire Pension System


By: _____
Its: _____


CFOpros


By: _____
Its: _____


_____
Columbus A. Alexander, III, CFE


DALLAS_1\3689034\1
39832-1 08/07/2002

# EXHIBIT

# 2



MAY 23, 2016

<u>*Via CMRRR #7012 3460 0000 0452 0118*</u>
*Via email:* csa@caforensicsllc.com
Columbus A. Alexander
Suite 600, The Madison
15851 Dallas Parkway
Addison, Texas 75001

Re: **NOTICE OF EVENT OF DEFAULT** of Settlement Agreement for Cause
No. 02-04814, 44th Judicial District Court of Dallas County, Texas ("Agreement")

Dear Mr. Alexander,

I represent, and am writing on behalf of, the Dallas Police and Fire Pension System
("Pension System"). Enclosed for your review is a copy of the above-referenced
Agreement. Kindly review the last sentence of paragraph 2, wherein you agreed to ". . .
not call upon or contact the Pension System, its Trustees or employees." You are in default
of this provision by having contacted the Pension System in writing on the following dates:

April 6, 2016

April 26, 2016

May 2, 2016

May 3, 2016

May 16, 2016 – two letters

May 17, 2016 – three letters

May 18, 2016 – three letters

May 19, 2016 – four letters

The parties to the Settlement Agreement provided consideration to each other to enter into
the Settlement Agreement. Your default results in the Pension System losing the benefit
of the settlement made and the consideration it provided under the Settlement Agreement.
Further, you are forcing the Pension System to violate the Settlement Agreement by
requiring a response to your written communications listed above. The Pension System

**DALLAS**
6351 Preston Rd. • Suite 350
Frisco, TX 75034
P: 972.668.6400 • F: 972.668.6414
Toll Free: 1.855.668.6400

MESSER, ROCKEFELLER & FORT, PLLC
www.txmunicipallaw.com

**ABILENE**
4400 Buffalo Gap Rd. • Suite 2800
Abilene, TX 79606
P: 325.701.7960 • F: 325.701.7961

has already responded to the written requests submitted on April 26, 2016, May 2, 2016 and May 3, 2016.

The Pension System will consider your default under the Settlement Agreement cured if you submit a letter withdrawing the following written requests, which have not been responded to yet, on or before May 27, 2016:

> April 6, 2016
>
> May 16, 2016 – two letters
>
> May 17, 2016 – three letters
>
> May 18, 2016 – three letters
>
> May 19, 2016 – four letters

If you insist upon remaining in default of the Settlement Agreement, or commit future defaults, the Pensions System may use the legal remedies available to it by law, which could include remedies such as seeking return of the consideration provided by the Pension System under the Settlement Agreement or specific enforcement.

Very truly yours,

MESSER, ROCKEFELLER & FORT

JULIE FORT
ATTORNEY FOR THE PENSION SYSTEM

JF/HS

Enclosure

# WINSTEAD

August 7, 2002

direct dial: 214/745.5462
tboston@winstead.com

*VIA FACSIMILE – (972) 490-9545*

Eric G. Calhoun, Esq.
Lawson, Fields, McCue, Lee & Campbell, P.C.
14135 Midway Road, Suite 250
Addison, TX 75001

> Re:   *Dallas Police and Fire Pension System v. Columbus A. Alexander, III a/k/a Sandy Alexander d/b/a CFOpros*; Cause No. 02-04814; In the 44th Judicial District Court of Dallas County, Texas

Dear Eric:

This letter is to memorialize our agreement. The Pension System and Mr. Alexander agree, and evidence same by their signatures below, to resolve this matter on the following terms:

1.   The Pension System will pay Mr. Alexander's outstanding invoices and all of his expenses incurred by cashier's check payable to "CFOpros", with such funds to be delivered when Mr. Alexander delivers the documents in accordance with Paragraph 4 below, no later than August 9, 2002.

2.   A dismissal with prejudice of the lawsuit, within 48 hours of the execution of this Agreement, with each party to bear its/his own expenses and with their execution of this letter constituting a complete mutual release of all claims, causes of action, known or unknown, contingent or fixed, at law or in equity between and among Mr. Alexander, CFOpros, its partners agents, affiliates, and other related persons or entities on the one hand, the Pension System, members of its board of trustees, staff and other related persons or entities on the other hand, under any theory of recovery, including without limitation release of any alleged defamation claims (including claims arising from any republication of the *Dallas Morning News* Article) and the publication of Exhibit "A" as set forth at Paragraph 4 below, and claims for attorneys fees, costs or expenses. The Pension System, its trustees, and employees agree not to call upon or contact Mr. Alexander, or use his services and knowledge, in any way in the future, and likewise Mr. Alexander will not call upon or contact the Pension System, its Trustees or employees.

3.   The execution and mailing no later than August 12, 2002, of the attached (as Exhibit "A") letter by certified mail, return receipt requested, to the *Dallas Morning News* and the Association of Certified Fraud Examiners with the Pension System delivering green cards to Mr. Alexander's attorney, Talmage Boston.

Eric G. Calhoun, Esq.
August 7, 2002
Page 2

   4. Mr. Alexander and his counsel shall return to the Pension System the originals (if any) and all copies of any and all documents and tape recordings (and any transcripts thereof) obtained during the course and scope of CFOpros' engagement with the Pension System.

   5. Per the terms of his Consultant Contract with the Pension System of April 8, 2002, Mr. Alexander shall agree to maintain as confidential all information he obtained and all conclusions he derived from his work for the Pension System.

   6. The Pension System shall comply with its prior agreement of May 29, 2002, (attached as Exhibit "B") no later than August 9, 2002.

   7. The Pension System agrees that Alexander has completed his obligations under their contract and that its Administrator's report of such agreement will be recorded in the minutes of the next regularly scheduled Board meeting.

   8. The parties agree that from this date forward, neither of them shall communicate anything to anyone publicly or privately to disparage or derogate each other or the performance of each other. In that regard, the Pension System shall publish the letter attached as Exhibit "A" on the Pension System's website, and include it as an attachment to the Pension System Board of Trustee's minutes as the Board's first meeting after the execution of the Settlement Agreement.

   All parties should sign below to evidence our agreement.

         Yours truly,

         Talmage Boston, Attorney for CFOpros

PTB/cll


AGREED:


Eric G. Calhoun
Counsel for Dallas Police
  and Fire Pension System

Eric G. Calhoun, Esq.
August 7, 2002
Page 3


Dallas Police and Fire Pension System


By: _____
Its: _____


CFOpros


By: _____
Its: _____


_____
Columbus A. Alexander, III, CFE


DALLAS_1\3689034\1
39832-1 08/07/2002

# EXHIBIT

# 3



June 10, 2016

*Via CMRRR #7012 3460 0000 0452 0132*
*Via email:* csa@caforensicsllc.com
Columbus A. Alexander
Suite 600, The Madison
15851 Dallas Parkway
Addison, Texas 75001

Re: **SECOND NOTICE OF EVENT OF DEFAULT** of Settlement Agreement
for Cause No. 02-04814, 44th Judicial District Court of Dallas County, Texas
("Agreement")

Dear Mr. Alexander,

I represent, and am writing on behalf of, the Dallas Police and Fire Pension System
("Pension System"). This law firm previously reminded you of a settlement agreement you
entered into with the Pension System. This law firm notified you that your submission of
multiple public information requests on eight different occasions by between April 6, 2016,
to May 19, 2016, violated the terms of this settlement agreement. You cured this default
by withdrawing the public information requests by letter dated May 27, 2016.

However, the Pension System received additional public information requests from Julie
Kobel requesting the same information as your previous requests on the following dates:

        June 1, 2016 – three letters

        June 6, 2016 – three letters

        June 8, 2016 – three letters

Ms. Kobel is utilizing an email address with the same domain name as the email address
you used to submit your withdrawn public information requests. The Pension System has
good reason to believe you instructed or otherwise caused Ms. Kobel to submit these
requests in an effort to circumvent the settlement agreement you entered into.

The Pension System will consider your default under the Settlement Agreement cured if
you or Ms. Kobel submit a letter withdrawing the following written requests:

        June 1, 2016 – three letters

        June 6, 2016 – three letters

**DALLAS**
6351 Preston Rd. • Suite 350
Frisco, TX 75034
P: 972.668.6400 • F: 972.668.6414
Toll Free: 1.855.668.6400

MESSER, ROCKEFELLER & FORT, PLLC
www.txmunicipallaw.com

**ABILENE**
4400 Buffalo Gap Rd. • Suite 2800
Abilene, TX 79606
P: 325.701.7960 • F: 325.701.7961

Second Notice of Default of Settlement Agreement
June 10, 2016

        June 8, 2016 – three letters

The withdrawal must be received in our office by 12:00 p.m. on Tuesday, June 14, 2016. You must submit your withdrawal letter via email to the following addresses:

        Julie@txmunicipallaw.com
        Marie@txmunicipallaw.com
        Heather@txmunicipallaw.com

If you insist upon remaining in default of the Settlement Agreement, or commit future defaults, the Pensions System will use the legal remedies available to it by law, which could include remedies such as seeking return of the consideration provided by the Pension System under the Settlement Agreement or specific enforcement.

        Very truly yours,
        **MESSER, ROCKEFELLER & FORT**

        MARIE N. ROVIRA
        ATTORNEY FOR THE PENSION SYSTEM

MNR/HS

cc:    Julie Kobel        *via email: julie.kobel@dpfps.org*